HEARD NOVEMBER TERM, 1876.

## JACOBS vs. EARLE.

Where a trustee had a certain amount of trust funds in his hands, which, in 1861, he loaned out on the promissory notes of the borrowers, and afterwards, in an action by him on the notes against the borrowers, a jury, in 1871, acting under the assumed authority of an alleged custom, found a verdict for the plaintiff for half the amount due him, to which verdict he submitted : *Held,* That the trustee, although bound by the finding as between himself and the borrowers, was nevertheless liable to his *cestuis que trust* for the full amount of his trust fund.

BEFORE COOKE, J., AT GREENVILLE, 1871.

The only statement of the case which has reached the Reporter's hands is contained in the opinion of the Court.

*Simpson & Moore,* for appellant.

—————————, contra.

February 6, 1877.   The opinion of the Court was delivered by

WRIGHT, A. J.   William Jacobs, by his last will and testament, bequeathed to Edward O. Jacobs, in trust for Lemuel Jacobs, $500, the interest of which to be paid annually to Lemuel Jacobs during his natural life, and after his death to the children of said Lemuel Jacobs; and in the event that he should die without issue, then the said fund to revert to the estate of the testator for distribution.

Some time after the death of the testator, Edward O. Jacobs died and the trust fund passed into the hands of the appellant.   The amount ($500) he loaned to T. C. Gower, L. B. Cline and others, taking their note for the same, which was dated February 15th, 1861.   The interest on the said note was regularly collected and paid over to Lemuel Jacobs until 1866, when the makers refused further payment.

The trustee brought suit upon the note.   The case was tried in September, 1871, and a verdict was rendered by the jury for $250. The trustee took no exception to such verdict, but took the note of the defendants for the amount rendered by the jury in settlement of the former note of five hundred dollars, and the case never went to judgment.   The makers of the $500 note were solvent and could have paid the whole amount.   The case was referred to T. Q. Donaldson as Special Referee to ascertain and report the amount of the trust funds in the hands of the trustee.   The Referee reported

$250, the amount found to be due by the jury by reason of an alleged custom in the County where the case was tried.

The Referee, in his report, says: "While the Referee is of the opinion that the action of the jury was not sustained by the law, he at the same time thinks it would be a hardship to make the trustee an exception to a rule which was practically of almost universal application at the time the verdict above mentioned was rendered."

The respondents excepted to the report of the Referee.

The presiding Judge sustained the exception, and ordered the trustee to account for $500 as the amount of the *corpus* of the trust fund.

From this order an appeal is taken to this Court. It is admitted that the amount of the trust fund under the will of William Jacobs, deceased, was $500. When the trustee acquiesced in the verdict of the jury, which sought to deprive his *cestui que trust* of one-half of the amount bequeathed by the testator for the use of Lemuel Jacobs, he knew that he acquiesced in a custom which was contrary to law, and he must be held to account for the amount of trust funds placed in his hands. It would be a dangerous practice and a mockery of justice for Courts to allow a custom which existed in a community to prevail against the established law of the land.

While the verdict of the jury in which the trustee acquiesced found only $250 as the *corpus* of the trust fund was an adjudication and settlement between him and the makers of the $500 note, such settlement did not in any wise relieve the trustee from the original amount of trust funds placed in his hands.

The motion is dismissed.

*Moses,* C. J., and *Willard,* A. J., concurred.